IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NED CHARLES MCNULTY, II,

                Plaintiff,

v.

SAND RIDGE SECURE TREATMENT CENTER,

                Defendant.

OPINION and ORDER

23-cv-676-jdp

---

Pro se plaintiff Ned Charles McNulty, II, a patient at Sand Ridge Secure Treatment Center, alleges that Sand Ridge staff has denied him a proper diet and ignored him while he was choking. Because McNulty proceeds in forma pauperis, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept McNulty's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim upon which relief may be granted, but I will allow McNulty to amend the complaint to fix this problem.

ALLEGATIONS OF FACT

While detained at another mental health treatment center, McNulty was on a "general diet" that did not include hard fruits and vegetables. At Sand Ridge, McNulty choked on meat. Jennifer (nurse) gave McNulty a spit cup and Ben (patient care technician) was there too, but neither helped him. Twelve days later, McNulty "almost" choked on a Brussels sprout but Ben didn't help him. Alex ordered a puree diet but McNulty didn't eat any of it and lost 20 pounds

in 20 days. Now McNulty is on a "diced/minced" diet but he doesn't eat the puree bread, mashed potatoes, applesauce, or yogurt. Apparently, there are other foods McNulty can chew if he takes small bites. McNulty wasn't allowed in treatment planning and was restrained without just cause.[1]

## ANALYSIS

### A. Improper defendant

McNulty names only Sand Ridge as a defendant in the complaint's caption. I will not allow McNulty to proceed against Sand Ridge because, as a state agency, it's an improper defendant in a case under 42 U.S.C. § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012); *Cayer v. Lee*, No. 22-cv-0818, 2022 WL 5116409, at *2 (E.D. Wis. Oct. 4, 2022). To proceed on a § 1983 claim, McNulty will have to name in the caption each individual who violated his federal rights. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005).

### B. Choking incidents

The Fourteenth Amendment governs McNulty's claim alleging an inadequate response to his choking. *See McCann v. Ogle Cty., Ill.*, 909 F.3d 881, 886 (7th Cir. 2018). To state a claim, McNulty must allege that: (1) the defendants acted intentionally, knowingly, or recklessly when they considered the consequences of their actions; and (2) the defendants' actions were objectively unreasonable. *Id.*

McNulty alleges that Jennifer and Ben didn't help him when he was choking on meat, though Jennifer gave him a spit cup. McNulty's description of this incident is too vague for me

---

[1] Some of McNulty's allegations are difficult to decipher because his handwriting is unsteady.

to infer that Jennifer or Ben's conduct was objectively unreasonable. It's unclear how long the choking lasted, to what extent McNulty's airway was obstructed, what Jennifer and Ben did (or failed to do) while he was choking, and what Jennifer's giving him a spit cup involved. McNulty's bare assertion that he "almost" choked on a Brussels sprout does not, by itself, suggest that Ben's failure to help him was objectively unreasonable. Even if Jennifer and Ben were defendants, I would not allow McNulty to proceed against them on this claim.

## C. Inadequate nutrition

Prisons must provide "nutritionally adequate food." *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). But McNulty's allegations don't suggest that his food is "nutritionally deficient." *See id.* McNulty alleges that he can't eat meat, fruit, and vegetables, but he acknowledges that Alex ordered a puree diet that includes yogurt, puree bread, mashed potatoes, and applesauce. McNulty contends that he lost weight on this diet, but his allegations suggest that this happened because he refused to eat the puree diet, not because it was medically inappropriate. Even if Alex were a defendant, I would not allow McNulty to proceed him on this claim against him.

## D. Other allegations

McNulty's allegations that he wasn't allowed in treatment planning and was restrained without just cause are too vague suggest that his federal rights were violated, partly because he doesn't identify who participated in this conduct. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." (alteration adopted)); *Stewart v. Rice*, No. 12-cv-339-bbc, 2012 WL 2328227, at *2 (W.D. Wis. June 19, 2012) ("Plaintiff cannot state a claim upon which relief may be granted against defendants not discussed in the body of

3

the complaint."). In any case, these allegations appear unrelated to McNulty's claims involving choking and nutrition. *Cf. Decker v. Fed. Bureau of Prisons*, No. 22-2475, 2023 WL 2942455, at *2 (7th Cir. Apr. 14, 2023) ("A plaintiff may join multiple defendants only when the claims arise from the same set of events and share a common question of law or fact."). McNulty would have to pursue unrelated allegations in separate lawsuits. *See Pearson v. La Crosse Cty. Police Dep't*, No. 21-cv-381-jdp, 2022 WL 3226207, at *3 (W.D. Wis. Aug. 10, 2022).

**E.  Conclusion**

I will allow McNulty to file an amended complaint that fixes the problems identified above. In drafting his amended complaint, McNulty should:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of his constitutional rights. McNulty must take care to allege what each defendant did, or failed to do, to violate his constitutional rights.

- McNulty should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that McNulty believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

- Write legibly or submit a typewritten complaint.

## ORDER

IT IS ORDERED that:

1. Plaintiff Ned Charles McNulty, II's complaint, Dkt. 1, is DISMISSED for failure to state a claim upon which relief may be granted.

2. Plaintiff may have until December 29, 2023, to submit an amended complaint that fixes the above problems.

3. Plaintiff must file his amended complaint on the court's nonprisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. The court expects the parties to treat each other and the court with respect. Any abusive or threatening comments or conduct may result in sanctions, including entry of judgment against the offending party.

7. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed for failure to prosecute.

8. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

9. The clerk of court is directed to send plaintiff copies of this order and the court's nonprisoner complaint form.

Entered November 29, 2023.

                                                  BY THE COURT:

                                                  /s/

                                                _____
                                                JAMES D. PETERSON
                                                District Judge